1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   PATRICK A. CANNAVAN,                    No.  1:25-cv-01480-SAB (PC)

12                  Plaintiff,               ORDER DIRECTING CLERK OF COURT TO
                                             RANDOMLY ASSIGN A DISTRICT JUDGE
13          v.                               TO THIS ACTION

14   JEFF MACOMBER, et al.,                  FINDINGS AND RECOMMENDATION
                                             RECOMMENDING PLAINTIFF'S MOTION
15                  Defendants.              FOR INJUNCTIVE RELIEF BE DENIED

16                                           (ECF No. 9)

17

18

19          Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant

20   to 42 U.S.C. § 1983.

21          Currently before the Court is Plaintiff's motion for a court order to stop interference with

22   his ability to litigation this action, filed November 28, 2025.

23                                           **I.**

24                                    **LEGAL STANDARD**

25          The primary purpose of a preliminary injunction is preservation of the status quo. See,

26   e.g., Ramos v. Wolf, 975 F.3d 872, 887 (9th Cir. 2020). More specifically, the purpose of a

27   preliminary injunction is preservation of the Court's power to render a meaningful decision after

28   a trial on the merits. See Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981); Barth v.

                                              1

1    Montejo, 2021 WL 1291962, at *1 (E.D. Cal. Apr. 7, 2021). It is meant to maintain the relative

2    positions of the parties and prevent irreparable loss of rights before a trial and final judgment.

3    See, e.g., Camenisch, 451 U.S. at 395; Ramos, 975 F.3d at 887; Doe #1 v. Trump, 957 F.3d 1050,

4    1068 (9th Cir. 2020).

5         The legal principles applicable to requests for injunctive relief, such as a temporary

6    restraining order or preliminary injunction, are well established. To prevail, the moving party

7    must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v.

8    Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc.,

9    555 U.S. 7, 20–22 (2008)); see also All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131

10   (9th Cir. 2011). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing

11   solely on the possibility of irreparable harm, such cases are "no longer controlling, or even

12   viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009);

13   Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the

14   merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance

15   of hardships tips in his favor; and (4) an injunction is in the public interest. See, e.g., Winter, 555

16   U.S. at 20; Stormans, 586 F.3d at 1127; Cottrell, 632 F.3d at 1131.

17        A preliminary injunction is an extraordinary remedy that is not awarded as of right.

18   Winter, 555 U.S. at 24; Cottrell, 632 F.3d at 1131. The burden to achieve injunctive relief is

19   particularly high when a party seeks a mandatory injunction. See Garcia v. Google, Inc., 786 F.3d

20   733, 740 (9th Cir. 2015). Mandatory injunctions go beyond an injunction preventing a party from

21   acting, and thus beyond mere maintenance of the status quo. Id. They require a party to act. Id.

22   District courts must deny requests for mandatory injunctions unless the law and facts clearly

23   favor a moving party. Id. The Court will not grant such requests in doubtful cases. Id.

24        Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and

25   requires that a motion include "specific facts in an affidavit or a verified complaint [that] clearly

26   show that immediate, and irreparable injury, loss, or damage will result to the movant before the

27   adverse party can be heard in opposition," as well as written certification from the movant's

28   attorney stating "any efforts made to give notice and the reasons why it should not be required."

2

1    Fed. R. Civ. P. 65(b). Further, the injunctive relief an applicant requests must relate to the claims

2    brought in the complaint. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631,

3    633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the

4    complaint, the court does not have the authority to issue an injunction."). Absent a nexus between

5    the injury claimed in the motion and the underlying complaint, the court lacks the authority to

6    grant Plaintiff any relief. Id. at 636.

7         The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner

8    litigants seeking preliminary injunctive relief against prison officials. In such cases,

9    "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to

10   correct the harm the court finds requires preliminary relief, and be the least intrusive means

11   necessary to correct that harm." 18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr., 2016

12   WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places

13   significant limits upon a court's power to grant preliminary injunctive relief to inmates, and

14   "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the

15   bargaining power of prison administrators—no longer may courts grant or approve relief that

16   binds prison administrators to do more than the constitutional minimum." Gilmore v. People of

17   the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000). The court's jurisdiction is "limited

18   to the parties in this action" and the pendency of an action "does not give the Court jurisdiction

19   over prison officials in general or over the conditions of an inmate's confinement unrelated to the

20   claims before it." Beaton v. Miller, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020); Zepeda v.

21   U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983).

22                                          **II.**

23                                      **DISCUSSION**

24        The exact injunctive relief that Plaintiff seeks in this action is unclear, but it appears that

25   he is complaining about the inability to make copies of court filings and access to his legal

26   materials.  The Court is required to screen complaints brought by prisoners seeking relief against

27   a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

28   Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious,

                                              3

1    if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a

2    defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §

3    1915(e)(2)(B)(ii).

4           In this instance, the complaint has not yet been screened, and this action does not yet

5    proceed on any cognizable claims, no defendant has been ordered served, and no defendant has

6    yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over any

7    defendant or any other prison staff at any CDCR institution, and it cannot issue an order requiring

8    them to take or forbid them from taking any action.  Further, Plaintiff's motion makes no showing

9    that he will suffer irreparable harm in the absence of an injunction, that the balances of equities

10   tips in his favor, or that an injunction is in the public interest. To the extent Plaintiff is concerned

11   about the lack of copies of documents for service, as stated in the Court's first informational

12   order, "[o]nce an attorney for a defendant appears in a pro se plaintiff's civil rights action (by

13   filing an answer, a motion to dismiss, a motion for summary judgment, etc.), that attorney's office

14   will receive notice of all filings  through the Court's electronic filing system (ECM/ECF). A pro

15   se plaintiff need not serve documents on counsel for a defendant; the date of the electronic Notice

16   from ECM/ECF is the date of service. Local Rule 135(a)."  (ECF No. 6 at 4.)  In addition,

17   Plaintiff does not articulate how any alleged interference with his access to the court will cause

18   him irreparable harm.  At best, Plaintiff implies that some harm is possible if the Court does not

19   act to restrain prison officials from interfering with his access to the court.  However, to grant a

20   preliminary injunction the Court must find that imminent, irreparable harm is likely in the

21   absence of a Court order. Am. Trucking Ass'ns, Inc., 559 F.3d at 1052; Stormans, 586 F.3d at

22   1127; Cottrell, 632 F.3d at 1131.

## III.

## ORDER AND RECOMMENDATION

25          Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly

26   assign a District Judge to this action.

27          Further, it is HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief,

28   filed on November 28, 2025, (ECF No 9), be DENIED.

1          This Findings and Recommendation will be submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

3    **days** after being served with this Findings and Recommendation, Plaintiff may file written

4    objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

5    Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

6    specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834,

7    838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

8

9    IT IS SO ORDERED.

10   Dated:  __**December 2, 2025**__    _____

11                                         STANLEY A. BOONE
     United States Magistrate Judge